**UNITED STATES of America,**

v.

**Robert K. WHEELER, and Volunteer Construction Corp.**

**Crim. A. No. 89–83.**

United States District Court, E.D. Pennsylvania.

July 27, 1990.

Timothy R. Rice, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Claire J. Rauscher, Asst. Defender, Defender Assoc. of Phila., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

The issue before this court is the proper procedure which a district court should follow after a defendant has been found mentally incompetent to stand trial pursuant to 18 U.S.C. § 4241(d) and the facility in which the defendant was hospitalized pursuant to 18 U.S.C. § 4241(d) has determined that there is not a substantial probability that defendant will attain the capacity to permit the trial to proceed.

### I.

In this criminal action, defendant Robert K. Wheeler is charged with eighteen (18) counts of making false statements to a government agency, in violation of 18 U.S.C. § 1001, and two counts of filing false claims, in violation of 18 U.S.C. § 287.

On August 11, 1989, I held a competency hearing pursuant to 18 U.S.C. § 4241(d) to determine whether defendant was mentally competent to stand trial. At that hearing, Assistant United States Attorney Timothy R. Rice and Assistant Defender Claire J. Rauscher, counsel for defendant Robert K. Wheeler, stipulated that defendant Wheeler was suffering from a mental disease or defect rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Based upon the stipulation of counsel and the reports of Dr. Russell E. Phillips, a board certified psychiatrist, and Dr. Allen M. Tepper, a clinical psychologist, both of which were admitted into evidence, I found that defendant was presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. As a result of that finding, I committed defendant to the custody of the Attorney General of the United States, pursuant to 18 U.S.C. § 4241(d), and ordered the Attorney General to hospitalize defendant for treatment in a suitable facility for a reasonable period of time, not to exceed four months, as was necessary to

determine whether there was a substantial probability that in the foreseeable future he would attain the capacity to permit the trial to proceed.

On September 8, 1989, defendant Wheeler began his stay at the Federal Medical Center in Rochester, Minnesota ("the Federal Medical Center"). On January 10, 1990, I received a letter from Peter M. Carlson, the Warden of the Federal Medical Center, stating that, in the opinion of his staff, defendant Wheeler remained incompetent to stand trial and "that there was no substantial probability that he would attain competency in the foreseeable future." Along with his letter, Mr. Carlson enclosed the Forensic Evaluation performed at the Federal Medical Center, which had been submitted by Michael R. Furlong, Ph.D., Chief of Psychology, and Ruth Westrick, M.D., Chief of Psychiatry.

On January 11, 1990, pursuant to the request under section 4247(h) of defendant's attorney, Claire J. Rauscher, I issued an order directing the United States Marshal to transport Wheeler from Rochester, Minnesota to Philadelphia, Pennsylvania because defendant Wheeler had completed the maximum period of hospitalization permitted under section 4241(d) and Mr. Carlson, the Warden of the Federal Medical Center had not filed a certificate under section 4246(a) which would have stayed defendant's release.

The Government contends that the Warden of the Federal Medical Center must certify whether defendant "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another" and that, afterwards, this court must determine whether, by clear and convincing evidence, defendant is so impaired. *See* 18 U.S.C. § 4246(d). Warden Carlson of the Federal Medical Center contends that, in order to make a determination of dangerousness, he would need an order to that effect from this court and would then require defendant Wheeler to return to the Federal Medical Center for further evaluation to determine if defendant poses a substantial risk of bodily injury to another person or serious damage to property of another.

II.

Unfortunately, it is not clear under the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241–47, what procedure a district court must follow after a defendant has completed his four-month period of hospitalization under section 4241(d), if (1) the facility in which the defendant was hospitalized determines that there is not a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the trial to proceed and (2) the director of the facility has *not* filed a certificate pursuant to section 4246(a) stating that the defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another and that suitable arrangements for state custody and care of the person are not available.

Section 4241(d) provides that "[i]f at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the trial to proceed, the defendant is subject to the provisions of section 4246." For the purpose of this memorandum, I am discussing section 4246 only as it pertains to a defendant who has been committed to the custody of the Attorney General pursuant to section 4241(d).

Section 4246, entitled "Hospitalization of a person due for release but suffering from mental disease or defect," provides in relevant part:

(a) **Institution of proceeding.**—If the director of a facility in which a person is hospitalized certifies that a person ... who has been committed to the custody of the Attorney General pursuant to section 4241(d) ... is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrange-

ments for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained if this section.

**(b) Psychiatric or psychological examination and report.**—Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c).

**(c) Hearing.**—The hearing shall be conducted pursuant to the provisions of section 4247(d).

**(d) Determination and disposition.**—If, after the hearing, the court finds by clear and convincing evidence that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall commit the person to the custody of the Attorney General. The Attorney General shall release the person to the appropriate official of the State in which the person is domiciled or was tried if such State will assume responsibility for his custody, care, and treatment. The Attorney General shall make all reasonable efforts to cause such a State to assume such responsibility. If, notwithstanding such efforts, neither such State will assume such responsibility, the Attorney General shall hospitalize the person for treatment in a suitable facility, until—

(1) such a State will assume each responsibility; or

(2) the person's mental condition is such that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would not create a substantial risk of bodily injury to another person or serious damage to property of another;

whichever is earlier. The Attorney General shall continue periodically to exert all reasonable efforts to cause such a State to assume such responsibility for the person's custody, care, and treatment.

■ Section 4246(a) does *not* require a director of a facility to file a certificate. Rather, section 4246 provides that the director file a certificate *only* if the director determines (1) that the defendant is suffering from a mental disease or defect; (2) that his release would pose a substantial risk of bodily injury to another person or serious damage to property of another; and (3) that suitable arrangements for state custody and care of the person are not available. In essence, the purpose of the certificate is to stay the defendant's release pending completion of the procedures contained in section 4246 and, at the same time, to put the defendant on notice as to why he is not being released after completing the maximum period of commitment permitted under section 4241(d). *See United States v. Baker*, 807 F.2d 1315, 1323–24 (6th Cir.1986).

Section 4246 does *not* set forth what procedures should be followed by the trial court if the director of the facility, in which defendant was hospitalized under section 4241(d), did *not* file a certificate under section 4246(a), and the defendant has, therefore, been released from the custody of that facility.

Section 4246 creates two categories of incompetent defendants—(1) those whose release would create a substantial risk of danger to society; and (2) those whose

release would *not* create a substantial risk of danger to society. However, section 4246 establishes procedures to follow only with respect to those defendants whose release would create a substantial risk of danger to society.

■ The certificate filed by the director of a facility under section 4246(a) does not act as a finding of dangerousness. The filing of the certificate acts only to stay the defendant's release pending completion of the procedures set forth in section 4246 and to notify the defendant as to why he is being held in custody longer than the initial commitment period of four months. After the appropriate certificate has been filed, the court must hold a hearing to determine "whether the [defendant] is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." To aid the court in making this determination, section 4246(b) provides that the court may order a psychiatric or psychological examination of the defendant. Furthermore, section 4247(b) provides that, for the purpose of an examination under section 4246, "the court may commit the [defendant] to be examined … for a reasonable period, but not to exceed forty-five days, to the custody of the Attorney General for placement in a suitable facility." "If … the court finds by clear and convincing evidence that the [defendant] is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall commit the [defendant] to the custody of the Attorney General." 18 U.S.C. § 4246(d).

■ In order for the statutory scheme set forth in section 4246 to function properly, the mental health facility in which the defendant is hospitalized pursuant to section 4241(d) must analyze two things: (1) whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the trial to proceed; and (2) whether defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. Specifically, the director of the mental health facility has the initial responsibility "to determine preliminarily whether defendant should be released." *See* S.Rep. No. 225, 98th Cong., 2d Sess., *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3433. If the director of the mental health facility is able to certify the things required under section 4246(a), then the certificate must be filed while the defendant is still in the custody of that facility.

This leads us to one of the many gaps under section 4246.[1] If no certificate was filed while the defendant was still in the custody of the facility, does the district court in which the federal charges are pending have any further statutory authority over the defendant under section 4246?

According to *United States v. Baker*, 807 F.2d 1315 (6th Cir.1986), without the filing of the appropriate certificate by the director of the facility in which the defendant is hospitalized, the district court has no authority to hold a section 4246(a) commitment hearing. In *Baker*, the district court held a hearing at which time it concluded that the defendant was to remain in the custody of the Attorney General pursuant to section 4246 because he was suffering from a mental disease or defect and that his release would create a substantial risk of bodily injury to another person. The Court of Appeals of the Sixth Circuit concluded:

> [T]he district court, in essence, sua sponte called a section 4246 hearing before the requisite findings were made by

---

**1.** Another gap in section 4246 was observed in *United States v. Shawar*, 865 F.2d 856 (7th Cir. 1989), in which the court noted that "[a]dmittedly, it is not entirely clear what should happen after the initial commitment period to the non-dangerous individual who will never regain competency." *Id.* at 863. The issue posed in *Shawar*, but left unanswered, is "whether the Attorney General can seek to have the non-dangerous defendant committed to state custody where the statutory language only mentions the dangerous incompetent." *Id.* at 863 n. 11.

the director at Butner[, the facility in which the defendant had been hospitalized pursuant to section 4241(d).] The court was operating under the incorrect assumption that [defendant] Baker could be retained in federal custody until it was certified to the court that the state *would* agree to assume his care; in contrast, a section 4246 hearing cannot be conducted and a section 4246 commitment order cannot be issued until it has been certified to the court that the state *will not* accept the individual. Further, a certificate must be filed in, and a section 4246 hearing must be held in, the district in which the individual is confined, not the district in which he had initially been charged with an offense.

We, hold, therefore, that by failing to adhere to the procedures outlined in section 4246, the district court lacked statutory authority to commit Baker and deprived Baker of his liberty without due process.

*Id.* at 1324 (emphasis in the original).

No federal appellate court has rendered a holding contrary to *Baker,*[2] and the Third Circuit Court of Appeals has not addressed the issue.

For five reasons, I cannot conclude that the lack of a certificate filed by the Warden of the Federal Medical Center is a medical determination of the staff of that facility that defendant's release would *not* create a substantial risk of danger to society. First, the director can file the certificate only if he can certify two things: (1) that the defendant is presently suffering from a mental disease or defect as a result of which his release would create a substan-

tial risk of bodily injury to another person or serious damage to property to another and (2) that suitable arrangements for state custody and care of the person are not available. It could have been that the director did not file the certificate because, even though defendant's release would create a substantial risk of danger to society, suitable arrangements for state custody were available.[3] Second, this court did not order the director of the Federal Medical Center to make a determination of dangerousness while defendant was hospitalized in that facility pursuant to section 4241(d) and, if appropriate, to file a certificate pursuant to section 4246(a). However, I should point out that the clear language of section 4241(d) provides only that the court order the commitment of defendant to the custody of the Attorney General for the purpose of determining "whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed." Further, nothing in section 4246(a) states or implies that the director of the facility must be ordered by the court to perform his statutory burden of making the preliminary determination of dangerousness. Third, the Government did *not* request the Federal Medical Center to offer an opinion with respect to dangerousness and, if appropriate, to file a certificate under section 4246(a) while defendant Wheeler was still in the custody of that facility.[4] Fourth, the Forensic Examination of defendant Wheeler issued by the Federal Medical Center contains no discussion with respect to whether defendant's release would create a substantial risk of danger to society. Fi-

2. In *United States v. Charters,* 829 F.2d 479 (4th Cir.1987) ("*Charters I*"), the court reached a holding similar to that in *Baker. Id.* at 486–87. However, the decision in *Charters I* was reversed on rehearing by an *en banc* panel of the Fourth Circuit Court of Appeals. *United States v. Charters,* 863 F.2d 302 (4th Cir.1988), *cert. denied,* —— U.S. ——, 110 S.Ct. 1317, 108 L.Ed.2d 493 (1990) ("*Charters II*"). Unlike the court in *Charters I,* the court in *Charters II* did *not* address the procedures set forth in section 4246 and the statutory authority of a district court to hold a hearing pursuant to section 4246(a) without the filing of an appropriate certificate.

3. Another gap in section 4246 is that it does not set forth the procedures for turning a dangerous defendant over to the appropriate State agency in the event that the facility determines that the defendant's release will create a substantial risk of danger to society, but that suitable arrangements for State custody are available.

4. In *Baker,* the Government conceded the fact that the requisite certificate had not been filed prior to the commitment hearing held pursuant to section 4246 and asserted that the certificate had not been filed simply because no certificate had been *requested.* 807 F.2d at 1323.

nally, there is nothing to suggest that the Warden of the Federal Medical Center was even aware that he had the responsibility "to determine preliminarily whether the defendant should be released." *See* S.Rep. No. 225, 98th Cong., 2d Sess., *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3433.

The failure in this case to adhere to the procedures outlined in section 4246(a)—the Federal Medical Center's failure to make a preliminary determination of dangerousness while defendant Wheeler was hospitalized in that facility—can lie only with the statute itself. Section 4241(d) makes no mention of a determination of dangerousness, and the first time that section 4246 becomes applicable is at the end of the initial four-month commitment period and only if it is determined[5] that defendant's mental condition has not so improved as to permit the trial to proceed. The scheme set forth in section 4246(a) provides that the director of the facility in which defendant is hospitalized is responsible for making the preliminary determination of dangerousness and the availability of suitable state housing. However, the statute is totally silent as to whether the director is to make that initial determination on his own without any direction or whether the director must be requested or ordered to make that preliminary determination, which according to the statute must be made while the defendant is still is the custody of the facility. No case addresses this issue other than to conclude that the director of the facility has the initial burden of making the necessary determinations of whether defendant's release would pose a substantial risk of danger to society and whether an appropriate state facility would accept the defendant. *See Baker,* 807 F.2d at 1324.

▪ Therefore, because Congress clearly intended the facility in which the defendant was hospitalized to be responsible for making the preliminary·determination of dangerousness and because it is unclear whether the Federal Medical Center fulfilled this responsibility, I conclude that this court has an obligation to make a determination as to whether defendant's release is likely to create a substantial risk of danger to society.

Because of the black hole of legislation in which I find this court and the obligation which I believe this court has to make a determination of dangerousness, I conclude that the most prudent and expedient procedure to follow at this time is to hold a hearing for the purpose of making a judicial determination as to (1) whether, under section 4241(d), defendant's mental condition has so improved as to permit the trial to proceed[6] and, if not, (2) whether, under section 4246(a), defendant's release would create a substantial risk of bodily injury to another person or serious damage to property of another. To aid me in the determination of whether defendant's release would create a substantial risk of bodily injury to another person or serious damage to property of another, I shall order a local psychiatric examination and evaluation of defendant Wheeler pursuant to section 4246(b).

▪ If I determine that defendant's mental condition has *not* so improved as to permit the trial to proceed and that defendant's release would *not* create a substantial risk of bodily injury to another person or serious damage to property of another, I

---

**5.** It is not clear whether the determination referred to at the end of section 4241(d) is a judicial determination or a medical determination. The only determination which makes sense with respect to the facts of the present case is a medical determination because otherwise defendant Wheeler would have had to have been transferred back to the Eastern District of Pennsylvania for a hearing to determine whether defendant's condition had so improved as to permit the trial to proceed. At that point, however, section 4246 would no longer have been applicable because defendant Wheeler would no longer have been in the custody of the mental health facility.

**6.** The determination of whether, under section 4241(d), defendant Wheeler's mental condition has so improved as to permit the trial to proceed shall be based upon the Forensic Evaluation from the Federal Medical Center submitted by Michael R. Furlong, Ph.D., Chief of Psychology, and Ruth Westrick, M.D., Chief of Psychiatry.

have no statutory authority to commit defendant to the custody of the Attorney General.[7]

■ On the other hand, if I determine that defendant's mental condition has *not* so improved as to permit the trial to proceed but that defendant's release would create a substantial risk of bodily injury to another person or serious damage to property of another, I must obtain certification from the Attorney General that no suitable arrangements for state custody of defendant are available before I have statutory authority to commit defendant Wheeler to the custody of the Attorney General. Such a certificate is necessary in order to fulfill Congress' intent that section 4246 commitment procedures be "used only in those rare circumstances where a person has no permanent residence or there are no State authorities willing to accept him for commitment." *See* S.Rep. No. 225, 98th Cong., 2d Sess., *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3432. Congress' decision to limit the use of section 4246 procedures was a result of its belief that it "is essentially the function of the States" to provide care and treatment to mentally ill persons. *Id.*

An appropriate order follows.

### ORDER

For the reasons stated in the attached memorandum, IT IS ORDERED THAT

1. Pursuant to 18 U.S.C. § 4246(b), Dr. Edward Guy, M.D., a board certified psychiatrist, shall perform a psychiatric examination of defendant Robert K. Wheeler and shall prepare a psychiatric report. Arrangements for this examination shall be handled through Joseph R. Morrone, United States Pretrial Services Officer.

2. Pursuant to 18 U.S.C. § 4247(c), the psychiatric report prepared by Dr. Edward Guy shall include:

(1) defendant Robert K. Wheeler's history and present symptoms;

(2) a description of the psychiatric and medical tests that were employed and their results;

(3) Dr. Edward Guy's findings; and

(4) Dr. Edward Guy's opinions as to diagnosis, prognosis, and whether defendant Robert K. Wheeler is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

3. Pursuant to 18 U.S.C. § 4247(c), Dr. Edward Guy shall file the psychiatric report with the Clerk of the Eastern District of Pennsylvania, with copies provided to this court (Room 561, The Madison Building, 400 Washington Street, Reading, PA 19601), Assistant United States Attorney Timothy R. Rice, and Assistant Defender Claire J. Rauscher, counsel for defendant Robert K. Wheeler.

4. On Thursday, August 30, 1990 at 4:00 p.m., a hearing shall be held in Judge Huyett's courtroom (5th Floor, The Madison Building, 400 Washington Street, Reading, PA 19601) to determine (1) whether, under 18 U.S.C. § 4241(d), defendant Robert K. Wheeler's mental condition has so improved as to permit the trial to proceed and, if not, (2) whether, under 18 U.S.C. § 4246(a), defendant Robert K. Wheeler is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

---

**7.** If I determine that defendant Wheeler's release would *not* create a substantial risk of bodily injury to another person or serious damage to property of another, the Government has stated that it will move to dismiss the pending charges.