Gilbert Lloyd **WEBER, Petitioner,**

v.

**UNITED STATES DISTRICT COURT FOR the CENTRAL DISTRICT OF CALIFORNIA, Respondent,**

**United States of America, Real Party in Interest.**

No. 93–70598.

United States Court of Appeals, Ninth Circuit.

Nov. 10, 1993.

Guy Casey Iverson, Federal Public Defender, Los Angeles, CA and Robert A. Roth, Oakland, CA, for petitioner.

Jennifer T. Lum, Asst. U.S. Atty., Los Angeles, CA, for respondent.

Before: BROWNING, TANG and NORRIS, Circuit Judges.

PER CURIAM:

## BACKGROUND

Gilbert L. Weber was convicted, following a jury trial, of three counts of making threats against the President of the United States in violation of 18 U.S.C. § 871(a). Pursuant to a motion filed by the government, the district court determined that Weber suffered from a mental disease or defect and imposed a provisional sentence of fifteen years during which Weber was to be hospitalized for care and treatment pursuant to 18 U.S.C. §§ 4244(d), 4247.

Following twelve months of treatment, the director of the medical facility where Weber underwent treatment certified to the district court that Weber had recovered from his mental disease or defect to such an extent that he was no longer in need of custody for care and treatment at the medical facility. The director of the facility recommended that the district court proceed to final sentencing as provided in 18 U.S.C. § 4244(e).

The district court conducted a sentencing hearing pursuant to section 4244(e). At the hearing, the district court formally sentenced Weber to twenty-six months imprisonment to be followed by three years of supervised release.

At the same hearing, the district court found that the medical facility had not made an evaluation under 18 U.S.C. § 4246 to determine whether Weber's release would create a substantial risk of bodily injury to another person or serious damage to the property of another. The court also noted that because Weber was entitled to credit for time served, "he could be released but for ... the 4246 issue." The district court then withheld or stayed the entry of Weber's sentence and ordered that Weber be returned to the medical facility for a determination on whether Weber's release would constitute a danger to the community under 18 U.S.C.

§ 4246. Weber filed a writ of mandamus which we granted on July 23, 1993. We now issue this published opinion to explain our earlier decision.

## ANALYSIS

■■■ Mandamus is an "extraordinary remedy" that should be invoked only in "exceptional circumstances." *Will v. United States,* 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967). This court has articulated the following guidelines for assessing a mandamus petition: 1) whether petitioner has no other adequate means, such as direct appeal, to obtain the requested relief; 2) whether petitioner will be damaged or prejudiced in any way not correctable on appeal; 3) whether the district court's order is clearly erroneous as a matter of law; 4) whether the district court's order is an oft-repeated error or manifests a persistent disregard of the federal rules; and 5) whether the district court's order raises new and important problems or issues of first impression. *Bauman v. United States Dist. Court,* 557 F.2d 650, 654–55 (9th Cir.1977). These guidelines are cumulative and a proper disposition often requires a balancing of competing factors. *Id.* at 655.

Section 4244 allows for the hospitalization of a convicted person if the district court finds that the person "is presently suffering from a mental disease or defect and that he should, in lieu of being sentenced to imprisonment, be committed to a suitable facility for care or treatment." 18 U.S.C. § 4244(d). The section further states that "[s]uch a commitment constitutes a provisional sentence of imprisonment to the maximum term authorized by law for the offense for which the defendant was found guilty." *Id.* The procedure for discharge from the commitment is as follows:

> When the director of the facility in which the defendant is hospitalized pursuant to subsection (d) determines that the defendant has recovered from his mental disease or defect to such an extent that he is no longer in need of custody for care or treatment in such a facility, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment. If, at the time of the filing of the certificate, the provisional sentence imposed pursuant to subsection (d) has not expired, the court shall proceed finally to sentencing and may modify the provisional sentence.

18 U.S.C. § 4244(e).

Section 4246 allows for continued hospitalization of federal inmates due for release but previously committed for treatment of mental disease or defect. 18 U.S.C. § 4246. That section directs the court to "order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious danger to property of another." § 4246(a). The section applies to the following three categories of hospitalized individuals: 1) those whose sentence is about to expire; 2) those who are committed so that they might regain the mental competency to stand trial; and 3) those whose criminal charges have been dismissed solely based on their mental condition. The section also indicates that initially, it is the director of the facility that certifies to the district court that the hospitalized individual is presently suffering from a mental disease that would make him a danger to others.

Here, the district court interpreted section 4246 to go hand in hand with section 4244. The district court found that Weber fell into the first category of persons referred to in section 4246(a), a hospitalized person whose sentence is about to expire. While the district court acknowledged the language of the section stating that the director of the facility would make the initial finding of a substantial risk, the court found that the director had failed to address the section 4246 issue because the director did not have a release date for Weber. The court categorized the director's failure to make a finding under section 4246 as an oversight. The district court then sua sponte initiated a section 4246 proceeding to determine whether Weber suffered from a mental disease as a result of which his release would create a substantial risk of bodily injury to others.

■ The district court lacked the authority to initiate a hearing to determine whether Weber should continue treatment in a psychiatric facility. Section 4246 indicates that the director of the facility is to make the initial determination regarding the dangerousness issue. *See* 18 U.S.C. § 4246. In addition, section 4246(a) read in conjunction with section 4244(e) suggests that the reference to a person whose sentence is about to expire refers to a person whose provisional sentence is about to expire. *See* 18 U.S.C. § 4244(e) ("If, at the time of [discharge from a section 4244(d) commitment], the provisional sentence imposed pursuant to [section 4244(d)] has not expired, the court *shall* proceed finally to sentencing and may modify the provisional sentence.") (emphasis added). Weber's provisional sentence would have expired in the year 2016. Finally, section 4246(a) requires that: 1) the person in question suffer from a mental disease or defect and 2) the disease or defect makes him a danger to others or to the property of another. *See* 18 U.S.C. § 4246(a). The medical facility that treated Weber had already certified to the district court that Weber no longer suffered from a mental disease or defect requiring custody for care or treatment. Accordingly, the district court's order of July 13, 1993, to the extent it ordered Weber to return to the United States Medical Center in Springfield, Missouri under 18 U.S.C. § 4246, was unauthorized.[1]

■ Mandamus is the proper remedy to correct the district court's error. The first *Bauman* factor is satisfied. Because the district court stayed Weber's sentence, its order is not final and appealable under 28 U.S.C. § 1291. *See Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S.Ct. 1494, 1497, 103 L.Ed.2d 879 (1989) (imposition of sentence required for appealable judgment). The second *Bauman* factor is also satisfied. The district court's order would submit Weber to proceedings that could lead to commitment to the Attorney General's custody for

an indefinite period of time. *See* 18 U.S.C. § 4246(d). This unauthorized section 4246 proceeding would prejudice Weber in a manner not correctable on direct appeal. Finally, the district court's order satisfies the fifth *Bauman* factor because it raises issues of first impression in this circuit.

Weber's petition presents exceptional circumstances that warrant the extraordinary remedy of mandamus. *See Will,* 389 U.S. at 95, 88 S.Ct. at 273; *Bauman,* 557 F.2d at 654–55. Accordingly, Weber's petition for a writ of mandamus is granted. The district court's order of July 13, 1993 is vacated in its entirety.

**WRIT ISSUED**

---

1. Once the facility director certified Weber under section 4244(e) as "recovered from his mental disease or defect to such an extent that he is no longer in need of custody for care or treatment in ... a [hospital] facility," any remaining concern regarding Weber's dangerousness became a matter to be considered at sentencing. If the district judge required further information about Weber's mental condition before imposing sentence, that information could be obtained pursuant to 18 U.S.C. § 3552.