120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Howard HUNTER, Defendant-Appellant.
 No. 96-30219.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
Decided July 17, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Howard Hunter appeals his conviction and 77-month sentence imposed following a guilty plea to bank robbery in violation of 18 U.S.C. § 2113. Hunter contends that the district court erred by denying his motion to continue his sentencing hearing and for refusing to grant funds for him to undergo independent psychological evaluation following his discharge from the prison mental hospital. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Hunter contends that the district court erred by denying his motion for continuance, because he was not given an equal opportunity to present evidence from an independent psychologist or psychiatrist regarding the extent of his mental recovery and suitability for resentencing pursuant 4244(e). This claim lacks merit.
 
 
 4
 We review for an abuse of discretion the district court's denial of a motion to continue, see United States v. Nguyen, 88 F.3d 812, 819 (9th Cir.), cert. denied, 117 S.Ct. 443 (1996). In deciding whether to grant a continuance, a district court must balance whether: (1) the continuance would inconvenience the witnesses, the court, counsel, or the parties; (2) other continuances have been granted; (3) legitimate reasons exist for the delay; (4) the delay is the defendant's fault; and (5) a denial would prejudice the defendant. See United States v. Fowlie, 24 F.3d 1059, 1069 (9th Cir.1994). There is no abuse of discretion unless the denial of continuance was arbitrary and unreasonable. See United States v. Willis, 88 F.3d 704, 711 (9th Cir.), cert. denied, 117 S.Ct. 499 (1996).
 
 
 5
 Here, the district court denied Hunter's motion for continuance because there was no need for further examination. The district court concluded that it was unlikely that independent psychologists who initially testified that Hunter did not require hospitalization would recommend hospitalization after Hunter had received six months of inpatient treatment.
 
 
 6
 The district court did not abuse its discretion by denying Hunter's motion to continue because further evaluation would have been futile. First, granting the continuance would have inconvenienced the court and the parties by requiring them wait approximately two months to hear testimony from physicians who previously testified that Hunter's mental illness was not severe enough to require hospitalization. See Fowlie, 24 F.3d at 1069. Second, the district court granted two continuances for Hunter to undergo independent psychological analysis prior to the implementation of the provisional sentence. See id. Third, there was no legitimate reason for the delay, since the staff psychologist certified that Hunter was cured and ready for sentencing. See id. Finally, Hunter was not prejudiced by the denial because section 4244 applies to convicted persons who are presently suffering from a mental disease or defect, and, according to the prison mental hospital, he no longer suffers from such disease or defect. See id. Additionally, the district court had to proceed to sentencing under section 4244(e), since Hunter was officially discharged from the hospital. See 18 U.S.C. § 4244(e); Weber v. U.S. Dist. Ct. for the Cent. Dist. Cal., 9 F.3d 76, 79 (9th Cir.1993). Accordingly, Hunter's claim fails because the denial was not arbitrary or unreasonable. See Willis, 88 F.3d at 711.[1]
 
 
 7
 Hunter also contends that the district court erred by refusing to grant funds for an independent psychological evaluation.
 
 
 8
 Because we previously determined that the district court did not abuse its discretion by denying Hunter's motion to continue the sentencing hearing, and because Hunter waived this claim on appeal by failing to develop it in his opening brief, see United States v. Vought, 69 F.3d 1498 (9th Cir.1995), we decline to address this issue.[2]
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Hunter relies on Ake v. Oklahoma, 470 U.S. 68 (1985), the reliance is misplaced. Ake involved an indigent defendant in a capital case who required medical assistance in order to present an insanity defense at trial. Here, Hunter's mental health became an issue at sentencing. See 18 U.S.C. § 4244; United States v. George, 85 F.3d 1433, 1438 (9th Cir.1996)
 
 
 [2]
 Similarly, we will not address Hunter's claim that the district court erred by sentencing him to 77 months imprisonment, since Hunter abandons the claim in his opening brief