UNITED STATES of America,
Plaintiff,

v.

Juan Raymond RIVERA–MORALES,
Defendant.

No. 04CR0204R.

United States District Court,
S.D. California.

April 6, 2005.

John R. Kraemer, Assistant United States Attorney, United States Attorney's Office, San Diego, for United States.

Holly A. Sullivan, Federal Public Defenders of San Diego, Inc., San Diego, for defendant.

## ORDER REGARDING CERTIFICATION PURSUANT TO 18 U.S.C. § 4246

RHOADES, District Judge.

### I. Introduction

The government has filed a motion for an order requiring FMC–Butner to evaluate defendant Juan Raymond Rivera–Morales for dangerousness pursuant to 18 U.S.C. § 4241(d) and § 4246. For the reason set forth below, the motion is granted.

### II. Background

The court previously found that defendant was not competent to stand trial and ordered defendant committed to FMC–Butner for treatment pursuant to 18 U.S.C. § 4241(d). The government has filed a motion requesting that the court not order that defendant be involuntarily medicated but that the court order FMC–Butner to evaluate defendant for dangerousness. Defendant agrees that he should not be involuntarily medicated. The parties disagree, however, as to whether the court can order FMC–Butner to conduct a dangerousness evaluation pursuant to § 4241(d).

### III. Analysis

#### A. Involuntary Treatment

The court concurs with the parties that involuntary medication is not appropriate here. Although the court may under appropriate circumstances order involuntary medication of a mentally ill prison detainee in order to render the detainee competent for trial, *see Sell v. United States,* 539 U.S. 166, 123 S.Ct. 2174, 156 L.Ed.2d 197 (2003), forced medication is not warranted here. The Supreme Court in *Sell* held that the Constitution allows the government to involuntarily administer antipsychotic drugs to a mentally ill defendant facing serious criminal charges in order to render the defendant competent to stand trial when the government can establish (1) "*important* governmental interests are at stake"; (2)"involuntary medication will significantly further those concomitant state interests" in that "administration of the drugs is substantially likely to render the defendant competent to stand trial" and the "administration of the drugs is substantially unlikely to have side effects that will interfere significantly with the defendant's ability to assist counsel in conducting a trial defense, thereby rendering the trial unfair"; (3) "involuntary medication is necessary to further those interests"; and (4) "administration of the drugs is *medically appropriate, i.e.,* in the patient's best medical interest in light of his medical condition." *Id.* at 180–181, 123 S.Ct. 2174.

Here, the court concludes that the administration of the drugs is not constitu-

tionally permissible because the government has failed to demonstrate that the involuntary administration of drugs in this case "is *substantially* likely to render the defendant competent to stand trial." *Id.* at 181, 123 S.Ct. 2174 (emphasis added). This conclusion is based on Dr. Newman's testimony that there was an "over 50%" probability that defendant would be restored to competency with medication. Although the court declines to determine the exact percentage of success that equates with a substantial likelihood that a defendant's competency is restored, it is clear that a chance of success that is simply more than a 50% chance of success does not suffice to meet this standard.

### B. Dangerousness Evaluation

As noted, the court previously found that defendant was not competent to stand trial and ordered defendant committed to FMC–Butner for treatment pursuant to 18 U.S.C. § 4241(d). Section 4241(d) provides that if the court finds that the defendant "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General." Section 4241(d) goes on to state:

> The Attorney General shall hospitalize the defendant for treatment in a suitable facility—
> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed; and
> (2) for an additional reasonable period of time until—
> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability

that within such additional period of time he will attain the capacity to permit the trial to proceed; or
> (B) the pending charges against him are disposed of according to law;

whichever is earlier.

Importantly, § 4241(d) then provides that "[i]f, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the trial to proceed, *the defendant is subject to the provisions of section 4246.*"

 Section 4246 provides in relevant part that "[i]f the director of a facility in which a person is hospitalized certifies that a person in the custody of the Bureau of Prisons ... who has been committed to the custody of the Attorney General pursuant to section 4241(d) ... is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined." 18 U.S.C.A. § 4246(a). The statute goes on to state:

> The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. A certificate filed under this subsection shall stay the re-

lease of the person pending completion of procedures contained in this section. It is clear from the structure of § 4246(a) that the court cannot hold a hearing to determine whether in fact the individual is dangerous unless the facility director files the requisite certification. Section 4246(d) provides in relevant part that "[i]f, after the hearing, the court finds by clear and convincing evidence that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall commit the person to the custody of the Attorney General." If an individual is so committed, the commitment period is indefinite, as the individual can be held until it is determined that "the person has recovered from his mental disease or defect to such an extent that his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C.A. § 4246(e).

■ Thus, in summary, if it is determined that a defendant who has been placed in the Attorney General's custody pursuant to § 4241(d) is incompetent and there is not a substantial probability that further treatment will restore his competency, the defendant is subject to § 4246. Under § 4246, if a facility director files a certification stating that the defendant is dangerous, then the court must hold a hearing to determine whether the defendant is in fact dangerous and should be committed to the custody of the Attorney General.

■ Defendant argues that once it is determined that there is not a substantial probability that an incompetent individual committed to the Attorney General's custody pursuant to § 4241(d) will be rendered competent with further treatment, the court is without authority to order the release of the person pending completion of procedures contained in this section.

facility director to engage in a dangerousness determination in order to decide whether it is appropriate to file the certificate contemplated in § 4246(a). Defendant notes that § 4246 provides that a dangerousness certification "shall stay the release of the person pending completion of procedures contained in this section." From this defendant argues that because no such certification exists here, he should be released. However, this passage from § 4246(a) is inapplicable here. The "procedures" referred to in this passage from § 4246(a) are a court-ordered examination of the defendant and a hearing regarding dangerousness. This passage does not address the issue here: whether, after determining that there is not a substantial probability that a defendant will be restored to competency, the court can order the defendant held for a short, definite period of time in order to give the facility director an opportunity to evaluate whether a dangerousness certification should be filed pursuant to § 4246.

Defendant's reliance on a passage from *United States v. Wheeler,* 744 F.Supp. 633 (E.D.Pa.1990) for the proposition that the court does not have such authority is unavailing. The court there stated:

> In order for the statutory scheme set forth in section 4246 to function properly, the mental health facility in which the defendant is hospitalized pursuant to section 4241(d) must analyze two things: (1) whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the trial to proceed; and (2) whether defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. Specifically, the director of the mental health facility has the initial responsibility "to determine preliminarily

whether defendant should be released." *See* S.Rep. No. 225, 98th Cong., 2d Sess., reprinted in 1984 U.S.Code Cong. & Ad. News 3182, 3433. If the director of the mental health facility is able to certify the things required under section 4246(a), then the certificate must be filed while the defendant is still in the custody of that facility. *Id.* at 637. It is unclear why defendant believes that this passage supports his position. Defendant here remains in the custody of FMC–Butner. Moreover, the court is simply being asked by the government to give the facility director the opportunity to exercise his responsibility to make a preliminary determination regarding whether the defendant should be released.

It appears that a dangerousness certification need not be filed until the court determines pursuant to § 4241(d) that there is no substantial probability that further treatment will render the defendant competent because it is not until such a determination is made by the court that the defendant becomes "subject to the provisions of section 4246." Moreover, to hold otherwise would require the facility where the defendant is being held to expend valuable time and effort determining not only whether the individual is dangerous but whether suitable arrangements can be made for the defendant's custody and care in a state facility prior to the court determining whether, in fact, the defendant is (1) incompetent, and (2) not reasonably likely to become competent in the foreseeable future so that the defendant is subject to the provisions of § 4246, *i.e.,* subject to the filing of a dangerousness certification and the procedures attendant thereto.

The other cases cited by defendant do not contradict this conclusion. For example, in *United States v. Baker,* 807 F.2d 1315 (6th Cir.1986) the defendant, who was facing the revocation of his probation, was committed to the Attorney General's custody pursuant to § 4241(d). Despite the language of § 4241(d), which provides that the initial commitment shall be for a period of no more than four months, the order committed the defendant "for such time as is necessary to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the proceedings to continue." The court also ordered the superintendent of Butner to determine whether it was appropriate to file a certificate pursuant to § 4246(a). More than four months after the order was entered, the government moved to dismiss the warrant for the probation violation on the ground that it was unlikely that the defendant would attain competency in the foreseeable future and the government did not believe it could show that the defendant would pose a danger to others if released, which was a prerequisite to continued civil commitment under § 4246. However, at the hearing on the motion to dismiss, one of the defendant's psychiatrists opined that the defendant posed a potential danger to the community if released. Following this testimony, the government withdrew its motion to dismiss, and the court ruled from the bench that the defendant was to remain in the Attorney General's custody pursuant to § 4246 because he was suffering from a mental disease or defect and his release would create a substantial risk of bodily injury to another person. In other words, the district court held a dangerousness hearing and committed the defendant to an indefinite period of civil commitment pursuant to § 4246(d).

The Sixth Circuit agreed with the defendant that "because a certificate was not issued pursuant to section 4246(a), the court was without statutory authority to commit him involuntarily for an indefinite period of time." *Id.* at 1321. Importantly, the Sixth Circuit was not confronted with

the issue here: whether a defendant who has been committed pursuant to § 4241(d) and who has become subject to the provisions of § 4246 can be held for a for a short, definite, additional period of time in order to give the facility director time to determine whether a certificate should be filed pursuant to § 4246(a) in the first instance.

Defendant's reliance on *United States v. Moses*, 106 F.3d 1273 (6th Cir.1997) is also unavailing. In that case, the sole issue before the court on appeal was the propriety of the district court's upward departure. *Id.* at 1277. In dictum, the Sixth Circuit stated:

> It should be noted that the responsibility for filing a certificate under § 4246(a) lies with the director of the facility in which the convicted person is hospitalized, and that it is not within the statutory authority either of the Government or of the district court to initiate § 4246 proceedings.

*Id.* at 1280. For this proposition, the Sixth Circuit cited the Ninth Circuit case of *Weber v. United States Dist. Court for the Cent. Dist. of Cal.*, 9 F.3d 76, 78–9 (9th Cir.1993). However, *Weber* is distinguishable on its facts. In *Weber*, "the district court determined that Weber suffered from a mental disease or defect and imposed a provisional sentence of fifteen years during which Weber was to be hospitalized for care and treatment pursuant to 18 U.S.C. §§ 4244(d), 4247." After twelve months of treatment, the director of the medical facility certified to the district court that Weber had recovered to the extent that he was no longer in need of custody for care and treatment, and the director recommended that the district court proceed to final sentencing as provided in 18 U.S.C. § 4244(e).

The district court conducted a sentencing hearing pursuant to § 4244(e) and imposed a 24–month sentence. The district court also found that the medical facility had not made an evaluation under 18 U.S.C. § 4246 to determine whether Weber's release would create a substantial risk of bodily injury to another person or serious damage to the property of another. The court noted that because Weber was entitled to credit for time served, he was entitled to be released but the court nonetheless ordered that Weber be returned to the medical facility for a dangerousness determination.

The Ninth Circuit held that the district court was without authority to order Weber returned to USMC–Springfield. Although the Ninth Circuit stated that § 4246 "indicates that the director of the facility is to make the initial determination regarding the dangerousness issue," it appears that this statement was dictum because, as the Ninth Circuit ultimately concluded, § 4246 was not applicable because § 4246 only applies where the defendant is determined to be incompetent, and Weber was deemed competent by the district court. *See* Black's Law Dictionary, 454 (6th ed.1990) (defining "dictum" as "an observation or remark ... not necessarily involved in the case or essential to its determination"); *see also Export Group v. Reef Industries, Inc.*, 54 F.3d 1466, 1472 (9th Cir.1995) (citing Black's Law Dictionary). Moreover, in the present case, the court is not making the initial dangerousness determination but, rather, giving the facility director a specified time in which to make the initial dangerousness determination.

Finally, defendant's reliance on a footnote in *United States v. Ecker*, 78 F.3d 726 (1st Cir.1996) is puzzling. In *Ecker*, the district court concluded that the defendant's mental illness rendered him incompetent to stand trial and committed the defendant to the custody of the Attorney General for hospitalization pursuant to

§ 4246. The issue on appeal was whether the defendant was entitled to have the indictment dismissed. The court stated the following in a footnote:

> Section 4241 provides procedures for evaluation of a defendant's competency to stand trial. If the court finds the defendant incompetent after an psychiatric examination and a hearing, the court commits the defendant to the custody of the Attorney General. The Attorney General then hospitalizes the defendant for up to four months "to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed." The Attorney General may also hospitalize the defendant for an "additional reasonable time" beyond four months if the court finds a substantial probability that competency will be regained. If the defendant remains incompetent at the end of those time periods, the defendant is subject to commitment for dangerousness under 18 U.S.C. § 4246. If not committed thereunder, the defendant is released.

*Id.* at 728. Defendant here fails to explain the relevance of this passage to his position. Although defendant emphasizes that portion of the above-quoted passage that states that if a defendant is not committed for dangerousness under § 4246, the defendant is released, that portion of the passage does not speak to the issue here: the procedure for determining whether an incompetent defendant should be committed pursuant to § 4246. Moreover, although it is true that, based upon the plain language of the statute, the certification must be filed in order to institute § 4246 proceedings, this does not answer the question of whether the court can direct the facility director to make a determination of whether a dangerousness certification should be filed and whether the facility may continue to hold the defendant while this determination is being made.

## IV. Conclusion

For the reasons set forth above, the court concludes that defendant Juan Raymond Rivera–Morales suffers from a mental defect that renders him incompetent to stand trial. While there is some possibility that defendant could be rendered competent by the involuntary administration of antipsychotic drugs, there is not a substantial probability that defendant would be rendered competent. Accordingly, the court cannot, consistent with the Constitution, order the forcible administration of such drugs on defendant. Thus, defendant is "subject to the provisions of section 4246." 18 U.S.C. § 4241(d).

■ Pursuant to § 4246(a), the facility director may file a certificate of dangerousness if it is determined that defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available. 18 U.S.C.A. § 4246(a). The court concludes that it consistent with the statutory scheme and common sense to provide the director with 30 days to make this determination, during which time defendant shall remain in the custody of FMC–Butner.

Accordingly, IT IS ORDERED that the facility director at FMC–Butner shall retain custody of defendant until further notice of the court.

IT IS FURTHER ORDERED that the facility director at FMC–Butner shall have 30 days to determine whether to file a dangerousness certification. The facility director may immediately begin the process to determine whether to file a danger-

ousness certification; however, the facility director shall not file a dangerousness certification pursuant to § 4246(a) any sooner than 10 days after the filing of this Order so that defendant may pursue appropriate relief from this Order in the Ninth Circuit.

IT IS FURTHER ORDERED that a status hearing is set for Monday, May 9 at 2:00 p.m. At that time the parties shall apprise the court as to the status of this matter. If a dangerousness certification has not been filed, the AUSA shall be prepared to inform the court whether the charges against defendant will be dropped, and the parties shall be prepared to inform the court whether defendant should be transferred back to San Diego.

**IT IS SO ORDERED.**