**UNITED STATES of America,
Petitioner,**

v.

**Jeffrey STEIL, Respondent.**

**Civ. No. 3–89–289.**

United States District Court,
D. Minnesota,
Third Division.

July 21, 1989.

Robert Small, Asst. U.S. Atty., for petitioner.

Scott Tilsen, Asst. Federal Public Defender, for respondent.

## ORDER

RENNER, District Judge.

The above-entitled matter comes before the Court upon the Report and Recommendation of the United States Magistrate. No objections have been filed to that Report and Recommendation in the time period permitted.

Based upon the Report and Recommendation of the Magistrate, and all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the proceeding with respect to the 18 U.S.C. § 4246 petition to determine the present mental condition of Mr. Steil is properly venued in the United States District Court for the District of Minnesota where Mr.

Steil is presently in custody pursuant to a commitment under 18 U.S.C. § 4241.

IT IS ORDERED that the motion of the respondent to dismiss is DENIED.

DATED: July 19, 1989.

## REPORT & RECOMMENDATION

BERNARD P. BECKER, United States Magistrate.

This matter is presently before the Court on respondent's motion to dismiss the government's petition for lack of jurisdiction and improper venue. This action was commenced by the United States on May 8, 1989, as a petition seeking an order determining that respondent is a person incarcerated in a federal institution and is mentally ill and dangerous and requesting relief by way of an order continuing the commitment of respondent. The relief specifically requested is that respondent be held for care and treatment until such time as he becomes competent to stand trial or until suitable state placement is found or until respondent is released or conditionally released under a prescribed regimen of medical psychiatric or psychological care or treatment and he would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another or until all criminal charges against respondent are dismissed solely for reasons not related to his mental condition.

The respondent has moved to dismiss the proceedings based upon his reading of 18 U.S.C. § 4246 and his contention that the proper place for any proceeding initiated by the government to determine his continued mental condition as well as his dangerousness is in the district from which he was committed rather than the district in which he is presently being held.[1] Concisely put, the respondent's position is that the third sentence of section 4246(a) refers to "the court [which] shall order a hearing." In the prior section of that statute, the language refers to the Clerk of the Court that ordered the commitment, in this case, the

---

1. It is interesting to note that the respondent's motion, if his position is otherwise upheld, would probably require a transfer of this proceeding from the District of Minnesota to the Northern District of Ohio because of improper venue. *See* 28 U.S.C. § 1406.

court that ordered the commitment was the Northern District of Ohio. This issue has arisen in analogous situations on a number of occasions since the adoption of the Insanity Defense Reform Act of 1984, Pub. Law 98–473. The basic issue can be succinctly put—is the court which ordered the commitment the appropriate place for any further proceedings relative to the competency or continued entitlement of the government to maintain custody of the respondent or is the appropriate court the court in the district in which the individual is presently incarcerated or being held for treatment. The issue does not appear to involve jurisdiction, only the appropriate venue for further commitment proceedings. *See* 18 U.S.C. § 3231.

This case would be relatively simple to decide if it were based upon 18 U.S.C. § 4245. In *United States v. Jones*, 811 F.2d 444 (8th Cir.1987) the Court of Appeals for this circuit addressed the question of commitment proceedings brought pursuant to 18 U.S.C. § 4245 (a person in need of care and treatment after conviction). Under section 4245, a certificate is filed in the district in which the facility is located and where the person is confined. *See* 18 U.S.C. § 4245(a). The respondent argues that in the case of the commitment of a person who has not been convicted but has been committed because of his present incompetency, the "court" referred to in section 4246, third sentence, is the court from which the person was committed rather than the court where he is presently located.

The statute does not appear to be as clear the government argues. There is some degree of ambiguity with respect to the appropriate place of venue for purposes of a section 4246 petition. The legislative history of the Insanity Defense Reform Act is not particularly helpful on this question. While old 18 U.S.C. § 4244 provided for evaluation of a defendant's competency to stand trial, old 18 U.S.C. § 4247 provided for a similar transmission by the Attorney General of a certificate to the Clerk of Court for the district in which the person is confined. Apparently the hearing was held under the old formulation of the statute in

the district in which the person was confined rather than the district in which the charges were pending. *See Clark v. Settle*, 206 F.Supp. 74, 78 (W.D.Mo.1962). From that scant legislative background, the government argues that since the Congress was aware of the predecessor statute and its judicial interpretations, Congress could have easily changed or clarified its intent if the process was to be substantially altered. Of course, in the government view, the Congress chose not to do so.

More significant to this Court are the two recent cases which touch in part upon aspects of this venue problem. *United States v. Baker*, 807 F.2d 1315 (6th Cir. 1986) and *United States v. Jones*, 811 F.2d 444 (8th Cir.1987). In *Baker*, the Sixth Circuit Court of Appeals ruled that "a certificate must be filed and a section 4246 hearing must be held in the district in which the individual is confined, not in the district in which he had initially charged with an offense." 807 F.2d at 1324. Baker was charged with violating the conditions of his probation. In a similar, but not an identical situation, the Eighth Circuit has dealt with the commitment of an individual under section 4245 subsequent to that person's conviction and incarceration in a federal institution. The *Jones* court addressed various issues related to those commitment proceedings and included a discussion of what constitutes the district of confinement. Under section 4245, a certificate is filed in the district in which the facility is located where the person is confined. *See* 18 U.S.C. § 4245(a). Using statutory construction to determine legislative intent, it is apparent that the section 4246 hearing, even in the case of a section 4241 unconvicted, mentally ill defendant, ought to be held in the district in which the person is confined as opposed to the original or originating district for the indictment or information filed. In many instances the individual will still be suffering from a mental illness and movement of that individual halfway or more across the country, would necessitate a significant burden on that person, on the U.S. Marshal or the Bureau of Prison personnel that were re-

quired to move the individual to the place where the hearing would be held. Moreover, such a reading of "court" would further necessitate the movement of the professional witnesses to the place where the hearing would be held. Without the greatest specificity that this is the intention that the Congress had, neither the Bureau of Prison nor in fact the respondent should be required to undergo that ordeal. As the undersigned can attest, the most significant actors in the proceeding pursuant to section 4246 are usually the respondent himself or herself, the examining psychiatrist and/or psychologist, the Bureau of Prisons case manager assigned to determine or ascertain under what circumstances state custody can be arranged for the person who is so confined and moving all those individuals around the country seems to complicate the section 4246 proceeding even with regard to a section 4241 unconvicted defendant. The respondent in this proceeding is entitled to and has, in fact, been appointed counsel to represent him. It has been the practice of this Court to afford a section 4246 respondent an independent mental examination over and above the examination done by the staff psychologist and/or psychiatrist at the Bureau of Prisons. It seems unlikely that without expressing itself more clearly, the Congress intended that the individual who has already been determined to be mentally ill (*see* 18 U.S.C. § 4241(d)) must now be transported into a new surrounding with the potential of exacerbating his or her mental condition.

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that the proceeding with respect to the 18 U.S.C. § 4246 petition to determine the present mental condition of Mr. Steil is properly venued in the United States District Court for the District of Minnesota where Mr. Steil is presently in custody pursuant to a commitment under 18 U.S.C. § 4241.

IT IS RECOMMENDED that the motion of the respondent to dismiss should be DENIED.

Pursuant to Local Rule 16C(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days, a writing which specifically identifies those portions of this report to which objection is made and the legal and factual basis for that objection. All memoranda and other documents to be submitted in support of this report must be filed within seven days of the making of any objection. Failure to comply with this provision shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.