OPINION OF THE COURT
GREENBERG, Circuit Judge.
I. INTRODUCTION
Joaquin Foy appeals from an order entered by the District Court in the Eastern District of Pennsylvania on December 7, 2010, denying his motion filed under Fed. R.Civ.P. 60(d)(3) on November 18, 2010, seeking to vacate an order of civil commitment pursuant to which he was confined at that time and thus requesting that he be released. Although the Eastern District Court previously had issued temporary orders committing Foy, when'he filed his motion and the Court denied it, Foy’s commitment was pursuant to an order of the District Court for the Western District of Missouri. Accordingly, we conclude that the Eastern District Court lacked jurisdiction over Foy’s motion, and we therefore will vacate the order denying the motion and remand the case to that Court for it to consider transferring the motion to the Western District of Missouri, and if it does not so to dismiss the motion.
*130 II. FACTUAL AND PROCEDURAL BACKGROUND
We trace this case to September 30, 2003, when the government filed a complaint in the Eastern District of Pennsylvania charging Foy with threatening a federal official in violation of 18 U.S.C. § 115(a)(1)(B).[1] Shortly thereafter, on the basis of the same conduct alleged in the criminal complaint, the government filed a petition in the Eastern District of Pennsylvania seeking revocation of a sentence of probation that a district court in the Southern District of Texas had imposed on him. The Eastern District Court conducted a hearing to determine Foy’s mental competency to stand trial on the criminal complaint and found that Foy was suffering from a mental disease or defect that rendered him incapable of assisting in his defense. It therefore committed him for a period of 120 days beginning on October 24, 2003, the date of the order, to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d), which authorizes temporary hospitalization of a mentally incompetent defendant for a reasonable period of time, not to exceed four months, to determine whether the defendant might attain the necessary capacity for criminal proceedings to continue and for an additional period of time until either the defendant’s mental condition improves or the pending charges against him are disposed of according tó law. Following entry of that order, the government transferred Foy to the Federal Medical Center at But-ner, North Carolina (“FMC Butner”). On February 7, 2005, the Eastern District Court found that Foy continued to be incompetent so that he could not stand trial, and further concluded that there was not a substantial probability that he would attain that level of competency in the foreseeable future.
Having made those determinations, the Eastern District Court ordered the warden at FMC Butner to assess Foy’s dangerousness and decide whether to institute civil commitment proceedings with respect to him pursuant to 18 U.S.C. § 4246(a). Over the next several months, the Court ordered additional assessments of Foy’s dangerousness in light of new information and, in a particularly significant order, on September 19, 2005, the Court entered an order stating that Foy “shall be committed to the custody of the Bureau of Prisons for reevaluation of his dangerousness pursuant to 18 U.S.C. § 4246(a).” App. at 78. Subsequently, the Court directed the parties to agree on a date for a hearing to address Foy’s dangerousness, but, before the Court held this hearing, the government moved to dismiss the Eastern District criminal complaint against Foy by reason of his mental condition. The Court granted this motion on December 19, 2005, and dismissed the complaint. More than three years later on January 9, 2009, the Eastern District Court terminated Foy’s probation included in the sentence imposed in the earlier prosecution in the Southern District of Texas.
Prior to the Eastern District Court dismissing the criminal complaint, the government transferred Foy to the United States Medical Center for Federal Prisoners in Springfield, Missouri, in the Western District of Missouri. On December 16, 2005, the Springfield warden certified pursuant to § 4246(a) that Foy was suffering from a mental disease or defect so that his release would pose a substantial risk of bodily injury or serious property damage to another and that suitable arrangements *131 for state custody were not available. Accordingly, on December 21, 2005, two days after the Eastern District Court dismissed the criminal complaint against Foy, the government filed a petition pursuant to § 4246 in the Western District of Missouri, seeking a hearing on Foy’s dangerousness.
Foy moved to dismiss the Western District petition, arguing that the Eastern District of Pennsylvania had lacked jurisdiction when it ordered his reevaluation under § 4246(a) when he was confined at FMC Butner. The District Court in the Western District of Missouri ruled on the motion in an opinion of May 9, 2007, stating:
A review of the records and files in this case clearly establishes that in its order of September 19, 200[5], the United States District Court for the Eastern District of Pennsylvania did not order defendant committed under the provisions of § 4246, but rather ordered that the Bureau of Prisons reassess whether a § 4246 petition was appropriate. After that reassessment occurred, the instant petition was properly filed in this court.
App. at 119. The Western District of Missouri subsequently held a hearing to ascertain Foy’s dangerousness, if any, and on September 12, 2007, ordered Foy committed pursuant to § 4246(d). Foy appealed, but the Court of Appeals for the Eighth Circuit affirmed.
As required by 18 U.S.C. § 4247(e)(B), the Springfield medical facility thereafter sent to the district court in the Western District of Missouri annual reports concerning Foy’s mental condition and its recommendations regarding his need for continued commitment. Insofar as reflected in the record before us, since 2009 these reports have recommended Foy’s conditional release. However, notwithstanding these recommendations, Foy has not been released because he refuses to accept possible conditions on his release.
Rather than accept a conditional release, Foy has sought to be released unconditionally by instituting proceedings in both the Western District of Missouri and the Eastern District of Pennsylvania.[2] Thus, on August 5, 2010, Foy filed a habeas corpus petition in the Eastern District of Pennsylvania seeking his release pursuant to 28 U.S.C. § 2241, but that Court transferred the petition to the Western District of Missouri on August 18, 2010. The Western District of Missouri dismissed the petition with prejudice and, on Foy’s appeal, the Court of Appeals for the Eighth Circuit affirmed the order of dismissal. Then, on September 4, 2014, counsel filed a motion on Foy’s behalf in the Western District of Missouri seeking an order for Foy’s discharge pursuant to 18 U.S.C. § 4247(h). That court held a hearing on the motion at which Foy testified and was represented by counsel. The court denied the motion on October 21, 2014.
As the foregoing proceedings in the Western District of Missouri unfolded, Foy initiated pro se proceedings in the Eastern District Court seeking to secure his release. First, on July 8, 2010, he filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Because Foy did not use the standard form then in use for such a motion in that district, the Court directed its clerk to furnish Foy with that form, which contains information regarding the consequence of filing such a motion. The Eastern District Court even *132 tually dismissed the motion because Foy failed to submit the form within the time it had afforded him.
After he filed the § 2241 habeas corpus petition to which we refer above, Foy, on November 18, 2010, filed a pro se pleading entitled “Motion to Vacate Judgment of Civil Commitment Rule 60(d)(3) Fed. R.Civ.P.” in the Eastern District seeking his immediate release. App. at 4. The Eastern District Court denied the November 18, 2010 motion on December 7, 2010, and Foy appealed, bringing the case to us. A panel of this Court appointed counsel for Foy and, by order dated March 28, 2011, directed the parties to discuss at least the following issues:
(1) whether Foy’s ‘Motion to vacate judgment of civil commitment pursuant to Rule 60(d)(3) Fed.R.Civ.P.’ can be considered (a) a Rule 60(b) motion, (b) an attempt to seek habeas relief, and/or (c) a motion pursuant to 18 U.S.C. § 4246(e) for discharge from confinement or for a hearing; (2) whether, if Foy’s motion includes a plea for habeas relief, (a) he proceeds under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or some other provision, and (b) whether the avenue under which he proceeds is available to him generally, see United States v. Budell, 187 F.3d 1137, 1141 & n. 9 (9th Cir.1999); see also Phelps v. United States Fed. Gov’t, 15 F.3d 735, 737 (8th Cir.1994), and/or in the District Court for the Eastern District of Pennsylvania, see Rumsfeld v. Padilla, 542 U.S. 426, 447[, 124 S.Ct. 2711, 2724, 159 L.Ed.2d 513] (2004); (3) whether, if Foy was seeking habeas relief and could not do so in the District Court for the Eastern District of Pennsylvania, the District Court should have transferred his filing in the interest of justice, see 28 U.S.C. § 1631; and (4) whether the dictates of 18 U.S.C. § 4246(e) have been followed in this case in the District Court.
App. at 3. The parties capably addressed these issues in their briefs. We now adjudicate the matter.
III. JURISDICTION AND STANDARD OF REVIEW
We have jurisdiction pursuant to 28 U.S.C. § 1291 as the Eastern District Court’s denial of Foy’s request for release from civil commitment fully resolved the litigation before it. See Bryan v. Erie Cnty. Office of Children & Youth, 752 F.3d 316, 320-21 (3d Cir.2014); Penn W. Assocs., Inc. v. Cohen, 371 F.3d 118, 123-24 (3d Cir.2004). Though the Eastern District proceedings did not preclude Foy from later moving for discharge under 18 U.S.C. § 4247(h), that possibility does not undermine the finality of the Eastern District Court’s order. See United States v. Stewart, 452 F.3d 266, 272-73 (3d Cir.2006).
Of course, our jurisdiction over this appeal does not establish that the Eastern District Court had jurisdiction in the first place. Accordingly, the government has been free to contend that the District Court did not have jurisdiction over Foy’s motion for release, and it does exactly that. In considering that contention, we exercise plenary review. See Bryan, 752 F.3d at 321 n. 1. Because Foy filed his motion pro se, we construe it liberally and consider not only the Rule 60(d) label that he attached to it but any other bases that could have given the Eastern District Court jurisdiction over the motion. See United States v. Miller, 197 F.3d 644, 647-48 (3d Cir.1999). If, after doing so, we conclude that the Eastern District Court lacked jurisdiction, we must direct it to dismiss Foy’s motion without addressing the merits of the case or transfer the case to the Western District of Missouri pursu *133 ant to 28 U.S.C. § 1631. See Babcock & Wilcox Co. v. Kan. City S. Ry. Co., 557 F.3d 134, 137 (3d Cir.2009).
IV. DISCUSSION
When a panel of this Court originally reviewed this appeal it discerned five possible bases for the Eastern District Court to have had jurisdiction over Foy’s request for release in his November 18, 2010 motion, and, as we have explained, it directed the parties to address them in their briefs and they have done so: (1) 18 U.S.C. § 4247(h)[3]; (2) Fed.R.Civ.P. 60(b); (3) Fed.R.Civ.P. 60(d); (4) 28 U.S.C. § 2255; and (5) 28 U.S.C. § 2241. We address these bases in turn and conclude that none of them afforded the Eastern District Court jurisdiction to determine if it should grant Foy’s motion for release from civil commitment. We further conclude that we should remand the case to the Eastern District Court to determine whether that Court should transfer the case pursuant to 28 U.S.C. § 1631 to a different court that would have had jurisdiction over Foy’s request for release, i.e., the Western District of Missouri.
A. 18 U.S.C. § 4247(h)
Foy primarily argues on this appeal that his motion for release should be treated as a motion for discharge under 18 U.S.C. § 4247(h). Section 4247(h) authorizes a committed individual to file a motion for a hearing to determine whether he should be discharged from the commitment facility. However, the motion may be filed only “during such person’s commitment” with “the court that ordered the commitment.” 18 U.S.C. § 4247(h); see Archuleta v. Hedrick, 365 F.3d 644, 649 (8th Cir.2004) (“Archuleta is in custody by reason of a commitment order issued by the District of Utah. Only that court ... may grant the statutory relief he seeks, either conditional or unconditional release.”); United States v. Budell, 187 F.3d 1137, 1142 (9th Cir.1999) (stating that committed individuals “will remain hospitalized until ordered discharged by the court that ordered the commitment”). Accordingly, Foy could not bring his § 4247(h) motion in the Eastern District of Pennsylvania because when he filed the motion and, indeed, when the Court denied it, he was committed pursuant to the September 12, 2007 order of the Western District of Missouri.
Foy contends that the Eastern District Court had jurisdiction based on its September 19, 2005 order that Foy “shall be committed to the custody of the Bureau of Prisons for reevaluation of his dangerousness pursuant to 18 U.S.C. § 4246(a).” App. at 78. But as the Western District of Missouri noted, when the Eastern District Court entered that order, it “did not order [Foy] committed under the provisions of § 4246, but rather ordered that the Bureau of Prisons reassess whether a § 4246 petition was appropriate.” Id. at 119. Unlike the Western District of Missouri, the Eastern District Court has not issued a final order of commitment with respect to Foy pursuant to § 4246(d). Moreover, when Foy filed his motion under Rule 60(d)(3) on November 18, 2010, he no longer was committed under the *134 Eastern District Court’s temporary order of commitment of September 19, 2005. In authorizing a committed individual to file a motion for discharge “during such person’s commitment” with “the court that ordered the commitment,” § 4247(h) offers an avenue for relief only in the court that ordered the commitment under which the petitioner was committed when he filed his petition. See Archuleta, 365 F.3d at 649.
Our foregoing analysis makes clear that the Eastern District’ Court’s earlier, no longer applicable order of temporary commitment, did not afford it with jurisdiction to entertain Foy’s challenge to his confinement at the time he filed his November 18, 2010 motion. Cf. United States v. Baker, 807 F.2d 1315, 1325 (6th Cir.1986) (holding that, notwithstanding its decision to vacate district court’s commitment order, court of appeals lacked jurisdiction to order release of defendant because subsequent proceedings had been initiated with respect to him under § 4246(a) in district of defendant’s confinement, thereby staying his release); United States v. Hardy, 770 F.Supp.2d 410, 412-13 (D.Me.2011) (rejecting argument that court’s earlier order of commitment under § 4241(d) provides it with continuing jurisdiction to initiate dangerousness evaluation after that commitment has ended).
B. Fed.R.Civ.P. 60(b), (d)
Foy’s attempt to assert jurisdiction based on Fed.R.Civ.P. 60(b) or (d) fails for similar reasons. Rule 60(b) authorizes a party to move for relief from a final judgment, order, or proceeding based on various specified grounds, including, as Foy contends is applicable here, because “applying the [the judgment] prospectively is no longer equitable” or for “any other reason that justifies relief.” Fed.R.Civ.P. 60(b)(5), (6). Rule 60(d) is a savings clause, clarifying that Rule 60 does not limit a court’s power, among other things, to “entertain an independent action to relieve a party from a judgment, order, or proceeding.” Fed.R.Civ.P. 60(d)(1); see Jackson v. Danberg, 656 F.3d 157, 166 (3d Cir.2011) (“Rule 60(d) permits a court to entertain an independent action to relieve a party from a judgment in order to ‘prevent a grave miscarriage of justice.’ ” (quoting United States v. Beggerly, 524 U.S. 38, 47, 118 S.Ct. 1862, 1868, 141 L.Ed.2d 32 (1998))).[4] Nevertheless, Rule 60 by itself does not vest a district court with jurisdiction to consider such a motion or independent action. See Fed.R.Civ.P. 82 (“These rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts.”); Palkow v. CSX Transp., Inc., 431 F.3d 543, 555 (6th Cir.2005) (stating that district court required “an independent statutory basis” to exercise jurisdiction over claim framed as Rule 60 motion or independent action).
Ordinarily, it would be clear that a district court would have jurisdiction over a Rule 60 motion or an independent action seeking relief from a judgment because the court will have ancillary jurisdiction to consider a challenge to its own judgment or order. See Beggerly, 524 U.S. at 46, 118 S.Ct. at 1867 (citing Pac. R.R. of Mo. v. Mo. Pac. Ry. Co., 111 U.S. 505, 522, 4 S.Ct. 583, 592, 28 L.Ed. 498 (1884)) (“The Government is ... wrong to suggest that an independent action brought in the same court as the original lawsuit requires an independent basis for jurisdiction.”); Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir.2008) (“The power of a court to invoke Rule 60(b) to vacate its own earlier *135 judgment is unquestioned.”). Foy attempts to rely on this basis for jurisdiction, pointing to the initiation of commitment proceedings under 18 U.S.C. § 4246 in the Eastern District Court and its September 19, 2005 order committing him for a reassessment of his dangerousness. As discussed above, however, the commitment order under which Foy was confined when he filed his November 18, 2010 motion, and therefore the order from which he sought relief in asking for his immediate release, had been issued in the Western District of Missouri, not by the Eastern District Court.
We emphasize that the Eastern District Court’s earlier order of temporary commitment did not provide it with jurisdiction to revisit a distinct order of commitment entered by a different court. See Baker, 807 F.2d at 1325. Though we recognize that there may be circumstances in which a district court has jurisdiction over a Rule 60 motion or an independent action seeking relief from a judgment entered by another court, such as where a party to initial proceedings registers a judgment obtained in another court pursuant to 28 U.S.C. § 1963, see Budget Blinds, 536 F.3d at 251-54, 254 n. 12, Foy does not point to such an independent ground for jurisdiction here.[5]
C. 28 U.S.C. §§ 2255 and 2241
Foy correctly concedes that the other two suggested grounds for Eastern District jurisdiction that we set forth in our March 28, 2011 order are inapplicable. He cannot rely on 28 U.S.C. § 2255, which authorizes a “prisoner in custody under sentence” to challenge the sentence, because he currently is not serving a sentence. See Archuleta, 365 F.3d at 648 (stating civilly committed individual not eligible for relief under § 2255); Budell, 187 F.3d at 1141 (same). Nor can Foy frame his request for release as a habeas corpus petition under 28 U.S.C. § 2241 as he only could pursue such relief in the district in which he was confined, and when he filed the motion leading to the order now on appeal he was not confined in the Eastern District of Pennsylvania. See Rumsfeld v. Padilla, 542 U.S. 426, 447, 124 S.Ct. 2711, 2724, 159 L.Ed.2d 513 (2004) (“Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden' as respondent and file the petition in the district of confinement”). Thus, regardless of how we frame Foy’s request *136 for release, the Eastern District Court should not have considered it on .the merits if it did so.
D. Transfer Pursuant to 28 U.S.C. § 1681
Our determination that the Eastern District Court did not have jurisdiction leaves open the question of whether this case should be transferred pursuant to 28 U.S.C. § 1631 to the Western District of Missouri as that court would have jurisdiction to entertain the motion.[6] We do not know whether the Eastern District Court considered that possibility because the Court in its order of December 7, 2010, denying Foy’s motion of November 18, 2010, seeking his immediate release did not give an explanation denying the motion. Accordingly, we do not know if the Eastern District Court denied the motion because it believed that it did not have jurisdiction or because it determined that the motion was not meritorious. In the circumstances, we will remand the matter to the Eastern District Court to consider whether to transfer the case to the Western District of Missouri.[7]
V. CONCLUSION
For the foregoing reasons, we will vacate the District Court’s order entered on December 7, 2010, denying Foy’s Rule 60 motion and will remand the case to the Eastern District Court for it to consider whether to transfer the case to the Western District of Missouri. If the Eastern District Court does not transfer the case it should dismiss the motion for lack of jurisdiction. The parties will bear their own costs on this appeal.

. There have been many proceedings relating to this competency matter in various district courts in addition to those that we describe in this opinion, but we limit our discussion to the ones germane to our disposition of this case.

. He also has sought relief in the Eastern District of North Carolina and, inasmuch as he had been transferred to the Federal Medical Center in Rochester, Minnesota, in the District of Minnesota. See, e.g., Foy v. U.S. Gov’t, Civ. No. 15-1901, 2015 WL 2131410 (D.Minn. May 7, 2015).

. The panel's order to the parties regarding which issues to discuss referenced § 4246(e), . rather than § 4247(h). • However, unlike § 4247(h), § 4246(e) applies only when the director of the commitment facility flies a certificate attesting that the committed individual has recovered to the extent that the individual’s release no longer would pose a substantial risk of bodily injury or serious property damage to another. Given that Foy concedes that this triggering event did not occur, see appellant’s bf. at 44 n. 13, we consider instead the possibility for relief under § 4247(h).

. Foy's pro se motion cited Rule 60(d)(3), which preserves a court’s power to "set aside a judgment for fraud on the court,” but his brief frames his motion as attempting to assert an independent action as authorized by Rule 60(d)(1).

. Of course, the Eastern District Court would have had jurisdiction over a challenge to its September 19, 2005 order of temporary commitment, but such jurisdiction would not have authorized it to order Foy’s release from his current commitment, the identified aim of his pro se motion. Though we do not reach a conclusion on the point as we have no need to do so, we recognize that arguably the Eastern District Court lacked authority to initiate the preliminary § 4246 commitment proceedings because it was not "the court for the district in which [Foy was] confined” when the Court entered the order as he was confined in FMC Butner at that time. 18 U.S.C. § 4246(a); see, e.g., United States v. Charters, 863 F.2d 302, 314 (4th Cir.1988) (en banc); Baker, 807 F.2d at 1324; United States v. Steil, 753 F.Supp. 806, 808-09 (D.Minn.1989). But see United States v. Godinez-Ortiz, 563 F.3d 1022, 1032 (9th Cir.2009) (holding that district court in Southern District of California acted within its authority in temporarily returning defendant to North Carolina medical facility for that facility to evaluate defendant’s dangerousness and decide whether to issue certificate of dangerousness pursuant to § 4246); United States v. Wheeler, 744 F.Supp. 633, 635, 639-40 (E.D.Pa.1990). But even if we concluded that the Eastern District Court erred in initiating such proceedings our conclusion would not invalidate the Western District of Missouri's separate § 4246 proceedings and its resulting order of commitment. See Baker, 807 F.2d at 1325.

. Of course, Foy contends that the Eastern District Court had jurisdiction so a transfer was not necessary.

. Though we ordinarily might not comment on the merits of the transfer issue and simply would remand the case to the Eastern District Court to consider whether to transfer the case to the Western District of Missouri we will comment on the merits in view of Judge Krause’s partial dissent. We point out initially that Foy refuses to accept conditions on his release, even though he could have been released as early as 2009 if he had been willing to do so. Although Judge Krause' indicates that conditions on Foy’s release could be enforced even if he does not consent to them, Foy’s refusal to agree to such conditions signals that he would not regard himself as bound by them and forewarns of trouble to come if he is released. Moreover, if he does not abide by the conditions of release there could be serious consequences before steps could be taken to enforce the conditions. In this regard, Foy’s Rule 60 motion sought nothing less than his immediate and unconditional release from custody. Given Foy’s sole aim of securing immediate and unconditional release and his unwillingness to accept anything less, arguably "the interests of justice [would be] best served by terminating this litigation because its continuation wastes judicial resources while moving [him] no closer to [his] goal.” LeBlanc v. Holder, 784 F.3d 206, 210 (4th Cir.2015).
Moreover, it seems clear that it would be a futile waste of judicial and party resources to transfer the case to the Western District of Missouri as within the last year on October 21, 2014, that court denied Foy the relief he seeks here. See Campbell v. Office of Pers. Mgmt., 694 F.2d 305, 309 n. 6 (3d Cir.1982). Moreover, the interest of justice does not require a transfer here to protect Foy’s rights because if Foy changes his mind regarding his desired relief, a determination that the Eastern District Court did not have jurisdiction would not pose an obstacle to him if he initiates a new case as § 4247(h) authorizes committed individuals to file successive motions for discharge .and the government has the ongoing duty to seek a conditional release or placement for him in a state facility. The situation here therefore differs from a case where a transfer is necessary to preserve a litigant’s substantive interests, such as would be the situation when a statute of limitations has run so that if the litigant is required to institute a new proceeding to seek relief, his complaint would be subject to dismissal as untimely.