**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3639
_____

SANDRA RUMANEK,
Appellant

v.

INDEPENDENT SCHOOL MANAGEMENT INC.
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-12-cv-00759)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 29, 2018

Before:      MCKEE, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 3, 2018)
_____

OPINION[*]
_____

PER CURIAM

Sandra Rumanek appeals an order of the District Court denying her motion for

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

relief under Rule 60 of the Federal Rules of Civil Procedure. The defendant in the underlying litigation, Independent School Management, Inc. ("ISM"), has moved for summary affirmance. Rumanek has cross-moved for summary reversal.[1] For the reasons that follow, we will grant ISM's motion and deny Rumanek's.

In 2012, Rumanek filed suit in the District of Delaware against ISM—her former employer—under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. Rumanek alleged in her complaint that ISM retaliated against her for, among other things, requesting an accommodation for short-term memory issues related to two car accidents.

Rumanek's suit was assigned to Magistrate Judge Sherry R. Fallon for case-management purposes. During an initial Rule 16(b) conference, Judge Fallon directed counsel for the parties to decide whether to consent to disposition of the entire case by a Magistrate Judge, rather than a District Judge. In addition, Judge Fallon touched on the issue of conflicts, explaining that she was new to the bench, and that before her appointment she had practiced at a firm representing insurance companies in defense of personal injury suits. Judge Fallon stated that while she no longer had "access to the firm's database to check for any potential conflicts," Rumanek's name "seems to have familiarity to me . . ." On that basis, Judge Fallon asked plaintiff's counsel to confer with

---

[1] Rumanek's motion to amend her motion for summary reversal is granted.

Rumanek to see if the name "Sherry Ruggiero Fallon . . . rings a bell with her."[2] Judge Fallon postulated that "it may not be anything beyond a defense of an auto accident case," and that "I probably would have referred it to an associate in my office to handle short of a jury trial." Soon after the conference, ISM and Rumanek jointly filed AO Form 85, consenting to referral of all proceedings to Judge Fallon.

During the discovery phase of the case it was revealed that Judge Fallon, while in private practice, had entered an appearance as defense counsel in a personal injury suit filed by Rumanek concerning her car accidents. Conferring with all counsel, Judge Fallon stated near the end of a hearing on an unrelated discovery dispute that she had "no recollection of Ms. Rumanek" and thought this was a "dead issue." Judge Fallon represented to counsel her feeling that the issue did not affect her "ability to go forward in this case," but "if that poses an issue for counsel, we should address it . . . so the case could be reassigned if that poses any issue for anyone." None of the attorneys requested reassignment or any other action related to the issue.

After approximately one year of discovery, ISM moved for summary judgment. Judge Fallon granted the motion in part, and denied it in part; one of Rumanek's three federal retaliation claims was allowed to proceed. A four-day jury trial culminated in a verdict for ISM. Counsel then withdrew their representation of Rumanek, who filed an

---

[2] Rumanek later acknowledged that counsel did ask whether she was familiar with Judge Fallon's name, and that her reply to counsel's inquiry was 'no.'

appeal pro se. This Court affirmed. See Rumanek v. Indep. Sch. Mgmt., Inc., 619 Fed. App'x 71 (3d Cir. 2015), cert. denied, 136 S. Ct. 847 (2016).

Almost three years after the jury verdict, Rumanek filed a motion for relief from judgment, invoking Rules 60(b)(4), 60(b)(6), and 60(d).[3] She amended the motion several times. In essence, Rumanek argued that the judgment should be vacated because ISM had conceded all material facts during trial, her counsel plainly erred in failing to file a motion for a new trial under Rule 50 (which would have been successful), and Judge Fallon—allegedly in conspiracy with Fallon's own attorneys as well as those representing ISM—perpetrated a fraud on the court by participating in a case in which she labored under a non-waivable conflict of interest.[4] As a result of Rumanek's allegations against Judge Fallon, her case was eventually reassigned to District Judge Christopher C. Conner

---

[3] Rule 60(b)(4) provides a vehicle for relief from a judgment that "is void." Rule 60(b)(6) is a 'catch-all' provision, providing a vehicle for relief from a judgment for any "reason that justifies it," though such reasons must be extraordinary. See Satterfield v. Dist. Attorney Phila., 872 F.3d 152, 158 (3d Cir. 2017) ("Despite the open-ended nature of the provision, a district court may only grant relief under Rule 60(b)(6) in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'") (citation omitted). Lastly, Rule 60(d) is a savings clause clarifying that Rule 60(b) does not limit the power of a federal court to, among other things, "entertain an independent action to relieve a party from a judgment, order, or proceeding," or "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d); see also United States v. Foy, 803 F.3d 128, 134 (3d Cir. 2015).

[4] With the first two arguments, Rumanek essentially sought to relitigate the merits of her case. That is not a proper basis for a motion to vacate judgment. See In re SDDS, Inc., 225 F.3d 970, 972 (8th Cir. 2000); Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006); see also Nemaizer v. Baker, 793 F.2d 58, 62 (2d Cir. 1986) ("[A]n attorney's failure to evaluate carefully the legal consequences of a chosen course of

of the Middle District of Pennsylvania ("the District Court"). The District Court denied

Rumanek's motion for relief under Rule 60, and this timely appeal followed.

We exercise jurisdiction under 28 U.S.C. § 1291. Insofar as Rumanek sought relief

under Rule 60(b)(4), our review is plenary. See Budget Blinds, Inc. v. White, 536 F.3d

244, 251 n.5 (3d Cir. 2008). Insofar as she sought relief under Rule 60(b)(6) or Rule

60(d), our review is for abuse of discretion, with plenary review of any purely legal

questions. See id. at 251; see also United States v. Sierra Pac. Indus., Inc., 862 F.3d 1157,

1166 (9th Cir. 2017), cert. pending on other grounds, No. 17-1153; Cox Nuclear Pharm.,

Inc. v. CTI, Inc., 478 F.3d 1303, 1314 (11th Cir. 2007); cf. In re Bressman, 874 F.3d 142,

148 (3d Cir. 2017) ("As with other forms of equitable relief, our review of the

Bankruptcy Court's decision to vacate the underlying default judgment is

for abuse of discretion.").

We will summarily affirm the District Court's judgment because this appeal

presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. We assume, for the

sake of argument only, that Judge Fallon's participation as defense counsel in Rumanek's

personal injury litigation in state court required disqualification from Rumanek's

retaliation litigation in federal court once all of the relevant facts came to light. See 28

U.S.C. § 455(b)(1) (federal judge must disqualify herself when she has "personal

knowledge of disputed evidentiary facts concerning the proceeding."). In addition, we

---

action provides no basis for relief from a judgment.") (citations omitted). We thus focus
only on the conflict issue in this opinion.

acknowledge, as did the District Court, that a violation of § 455(b) could in certain cases provide a basis for relief under Rule 60(b). See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988) ("Section 455 does not, on its own, authorize the reopening of closed litigation. However, . . . Federal Rules of Civil Procedure 60(b) provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment. * * * [I]t is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process.").

Nevertheless, like the District Court, we conclude that any error by Judge Fallon in failing to self-disqualify was harmless. Cf. In re Sch. Asbestos Litig., 977 F.2d 764, 786 (3d Cir. 1992) (adopting rule that "failure to disqualify (and hence failure to vacate a ruling) may be harmless error when a court of appeals will later review a ruling on a plenary basis."). The District Court's rationale focused on the fact that any "diminished confidence in Judge Fallon's decisions resulting from the alleged disqualifying conflict is rectified in large part by the fact that an impartial jury returned a verdict on the claims that remained for trial and [is] restored in full by the fact that an impartial Third Circuit panel conducted *de novo* review of Judge Fallon's summary judgment rulings and affirmed same." We fully agree with that rationale.

In sum, the District Court was not presented with a viable basis for relief under any of the procedural rules invoked by Rumanek, in particular the broadly worded Rules 60(b)(6) and 60(d)(1). There was thus no abuse of discretion in denying Rumanek's

6

motion. We also add that relief under Rule 60(b)(4) was not available to Rumanek because the District Court did not "lack[] jurisdiction of the subject matter or the parties or enter[] 'a decree which is not within the powers granted to it by the law.'" Marshall v. Bd. of Educ., 575 F.2d 417, 422 (3d Cir. 1978) (citation omitted). Lastly, with respect to relief under Rule 60(d)(3), a party must establish fraud "by clear and convincing evidence," Booker v. Dugger, 825 F.2d 281, 283 (11th Cir. 1987); accord Wickens v. Shell Oil Co., 620 F.3d 747, 759 (7th Cir. 2010), and Rumanek adduced no evidence of fraud, let alone clear and convincing evidence of it. Therefore, we will grant ISM's motion for summary affirmance, and deny Rumanek's motion for summary reversal.[5]

---

[5] In its opposition papers below, ISM argued that Rumanek's motion was untimely. While motions under Rule 60(b)(4) or Rule 60(d) are not subject to a time limitation, see, e.g., United States v. One Toshiba Color TV, 213 F.3d 147, 157 (3d Cir. 2000) (en banc), Rule 60(b)(6) motions must be filed within a "reasonable time," and Rumanek's motion was filed almost three years after judgment was entered by the District Court. Cf. Martinez-McBean v. Gov't of V.I., 562 F.2d 908, 913 n.7 (3d Cir. 1977) (doubting that 2.5-year delay would comply with "reasonable time" requirement). For her part, in the latest version of her post-judgment motion, Rumanek merely stated in conclusory fashion that "[t]he sections of Rule 60 pertaining to this motion are not time-barred." (emphasis removed). This lack of detail pertaining to timing is by itself unreasonable and provides an alternative basis to affirm the District Court insofar as it denied relief under Rule 60(b)(6).