NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1996
_____

GREGORY ALAN ROWE,
                                        Appellant

v.

SUPERINTENDENT OF SCI-ALBION;
RAYMOND TONKIN, Pike County District Attorney

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:20-cv-02032)
District Judge:  Honorable John E. Jones III

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 23, 2022

Before:  KRAUSE, BIBAS and SCIRICA, Circuit Judges

(Opinion filed: September 21, 2022)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pennsylvania state prisoner Gregory Rowe appeals pro se from (1) the District Court's May 6, 2021 order denying his motion for an independent action filed pursuant to Federal Rule of Civil Procedure 60(d), and (2) the District Court's July 30, 2021 order denying Rowe's motion to alter or amend the May 6 order. For the reasons that follow, we deny a certificate of appealability ("COA") to the extent that one is required here. To the extent that a COA is not required, we will affirm the May 6 and July 30 orders, albeit on a different basis than that relied upon by the District Court.[1]

I.

In 2006, a jury in the Court of Common Pleas of Pike County, Pennsylvania, found Rowe guilty of two counts of first-degree murder and related offenses. He was sentenced to life in prison. His subsequent efforts to challenge his conviction in state court were unsuccessful.

In 2013, Rowe filed a habeas petition in the District Court pursuant to 28 U.S.C. § 2254. There was extensive litigation in the District Court on the question whether that petition was timely. The District Court ultimately dismissed the petition as time-barred and denied Rowe's related motion for reconsideration. Rowe appealed, but we denied a

---

[1] Rowe's "Motion to Include Additional Documents in Appellant's Appendix in Support of His Informal Brief," which seeks to include copies of various legal authority in his appendix, is granted.

COA and his petition for rehearing and rehearing en banc.  See C.A. No. 17-1650.  The United States Supreme Court then denied Rowe's petition for a writ of certiorari.

In 2018, Rowe returned to the District Court and twice moved for relief under Federal Rule of Civil Procedure 60(b), each time taking issue with the District Court's determination that his habeas petition was untimely.  The District Court dismissed or denied each of those Rule 60(b) motions, and it denied Rowe's motions to alter or amend those rulings.  We denied a COA in his appeal stemming from his first Rule 60(b) motion; he did not petition for rehearing or seek certiorari in connection with that appeal.  See C.A. No. 18-2699.  In his appeal stemming from his second Rule 60(b) motion, we denied a COA and his petition for rehearing and rehearing en banc.  See C.A. No. 19-1744.  The Supreme Court then denied his related petition for a writ of certiorari.

Undeterred, Rowe returned to the District Court in late 2020 and filed a "Motion for an Independent Action Pursuant to Fed. R. Civ. P. Rule 60(d)."  In that motion, which sought relief under Rule 60(b) in the alternative, Rowe once again took issue with the determination that his habeas petition was untimely.  He alleged that such a determination was wrong and the product of a fraud on the court perpetrated by the District Court itself, the Magistrate Judge who made recommendations in Rowe's habeas case, and the Commonwealth.  In light of these allegations, Rowe asked (1) for "one full and fair proceeding by th[e] [District] Court on the true timeliness of his habeas petition," and (2) to "be heard on the merits of his habeas claims."  (Dist. Ct. Docket # 1, at 5.)

3

Rowe's motion for an independent action was docketed in the District Court as a civil complaint and assigned a different docket number than his habeas case. The District Court then referred this filing to a Magistrate Judge, who recommended denying it for lack of jurisdiction. The District Court adopted that recommendation on May 6, 2021, and it denied Rowe's motion to alter or amend that judgment on July 30, 2021. This timely appeal challenges both the May 6 and July 30 orders.

## II.

"Rule 60(d) permits a court to entertain an independent action to relieve a party from a judgment in order to 'prevent a grave miscarriage of justice.'" Jackson v. Danberg, 656 F.3d 157, 166 (3d Cir. 2011) (quoting United States v. Beggerly, 524 U.S. 38, 47 (1998)). An independent action alleging fraud on the court "may be justified only by the most egregious misconduct directed to the court itself," and "it must be supported by clear, unequivocal and convincing evidence." Herring v. United States, 424 F.3d 384, 386-87 (3d Cir. 2005) (internal quotation marks omitted).

Rowe's motion for an independent action, in effect, sought to lodge yet another attack on the District Court's August 2016 order dismissing his habeas petition as time-barred. Contrary to the District Court's conclusion in its May 6, 2021 order, that court *did* have jurisdiction to rule on this motion. See United States v. Foy, 803 F.3d 128, 134 (3d Cir. 2015) (indicating that a district court has "jurisdiction over a Rule 60 motion or an independent action seeking relief from a judgment because th[at] court . . . ha[s]

4

ancillary jurisdiction to consider a challenge to its own judgment or order"). However, as explained below, a remand for further proceedings is not warranted here.

To the extent that Rowe must obtain a COA to proceed with this appeal,[2] we deny a COA because he has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 484 (2000). Reasonable jurists would not debate the conclusion that Rowe failed to establish any fraud on the court or demonstrate that his alternative (and third) request for Rule 60(b) relief has any merit.[3] To the extent that a COA is not required to proceed with this appeal, see Harbison v. Bell, 556 U.S. 180, 183 (2009); Herring, 424 F.3d at 389, we will affirm the District Court's May 6, 2021 and July 30, 2021 orders based on our conclusion

---

[2] See Bracey v. Superintendent Rockview SCI, 986 F.3d 274, 282 (3d Cir. 2021) (explaining that "a COA is required when a petitioner appeals the denial of a Rule 60(b) motion seeking reconsideration of a dismissal of a habeas petition, even if that dismissal was on procedural grounds"); Payton v. Davis, 906 F.3d 812, 822 (9th Cir. 2018) (concluding "that a COA is required to appeal the denial of a Rule 60(d) motion for relief from judgment arising from the denial of a section 2254 [petition]"); cf. Torres v. United States, 833 F.3d 164, 164 (2d Cir. 2016) (per curiam) (holding "that a COA is required to appeal a district court's denial of a Rule 60(d) motion when the underlying order denied [28 U.S.C.] § 2255 relief").

[3] Rowe appears to believe that the District Court's timeliness analysis is directly at odds with dozens of other district court decisions in this Circuit, many of which preceded the District Court's August 2016 dismissal of his habeas petition. Rowe essentially made the same argument in his second, unsuccessful Rule 60(b) motion (though he cited fewer cases at that time). Reasonable jurists would agree that those other district court decisions, which Rowe largely misreads, do not warrant a different outcome in connection with his third request for Rule 60(b) relief. Additionally, reasonable jurists would agree that the existence of those other district court decisions does not establish that a fraud on the court was perpetrated in Rowe's case.

5

that an independent action for fraud on the court was not warranted in this case.  See

Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam) (explaining that we

may affirm a district court's judgment on any basis supported by the record); see also

Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)

(setting forth grounds for altering or amending a judgment, none of which applies here).[4]

---

[4] Rowe takes issue with the fact that the Magistrate Judge who recommended denying his motion for an independent action was also the one who recommended, in 2016, that the District Court dismiss Rowe's habeas petition as time-barred.  But Rowe points to no evidence that this Magistrate Judge was biased against him, nor has Rowe otherwise demonstrated that the Magistrate Judge should have recused herself.  See generally Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC, 793 F.3d 313, 330 (3d Cir. 2015) (explaining that "adverse rulings . . . are not in themselves proof of prejudice or bias").