**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10112 |
| Plaintiff - Appellee, | D.C. No. 3:02-cr-00081-EHC-1-PHX |
| v. | |
| ELVIRA CHARLEY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Earl H. Carroll, Senior District Judge, Presiding

Argued and Submitted February 14, 2011
San Francisco, California

Before: SCHROEDER, THOMAS, Circuit Judges, and BENNETT, District
Judge.[**]

Defendant Elvira Charley appeals her final sentence of three concurrent life

terms for first-degree murder in violation of 18 U.S.C. §§ 1111 and 1153(a) and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Mark W. Bennett, District Judge for the Northern
District of Iowa, sitting by designation.

three consecutive life terms for possession or use of a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c) and (j). On October 9, 2003, she had received the same sentence provisionally, owing to mental disease or defect, and was committed to Federal Medical Center Carswell for care and treatment, pursuant to 18 U.S.C. § 4244(d). On January 29, 2009, the Warden at FMC Carswell certified that Charley's condition had substantially improved and that she no longer needed "continued custody for care and treatment in a suitable facility." The district court imposed final sentence accordingly on March 3, 2010. Charley is currently serving her final sentence at FMC Carswell.

Charley appeals her final sentence on the following grounds: (1) the district court erred by not holding a further § 4244 hearing and by not continuing her provisional sentence; (2) the district court erred by concluding that it had to impose three consecutive sentences on her for the firearms counts; (3) the consecutive sentencing provision of section 924(c) did not apply when she faced greater mandatory minimum sentences for her second and third firearms counts; (4) the district court erred by "stacking" the sentences on the firearms counts; (5) the district court erred by considering the mandatory sentences outlined in 18 U.S.C. § 3559(f) when that statute had not been enacted at the time that she committed the

2

charged offenses; and (6) the district court failed to consider a downward departure based on her decreased mental capacity. We affirm.

**1.** The district court did not err by not continuing Charley's provisional sentence or by imposing a final sentence without a further § 4244 hearing to determine her present mental condition. There was simply no authority, under the governing statute, to hold a hearing or to continue the provisional sentence once the Warden at FMC Carswell certified that Charley no longer required care or treatment in such a facility. Section 4244(e) of Title 18 of the United States Code plainly and unambiguously provides that, when the director of the facility in which a defendant is hospitalized pursuant to § 4244(d) certifies that the defendant has recovered from his or her mental disease or defect to such an extent that he or she is no longer in need of custody for care or treatment in such facility, and the provisional sentence imposed pursuant to § 4244(d) has not expired, "the court *shall* proceed finally to sentencing and may modify the provisional sentence." (emphasis added); *accord Weber v. U.S. Dist. Ct. for Cent. Dist. of Calif.*, 9 F.3d 76, 79 (9th Cir. 1993) (holding that once a warden issues a certificate of recovery, the court must proceed to final sentencing and lacks the authority to hold a heaering as to whether the provisional sentence should be continued).

**2.** Charley's second, third, and fourth claims of error are untenable in light of the plain language of § 924(c) and (j), our precedent, and the Supreme Court's decision in *Abbott v. United States*, 131 S. Ct. 18 (2010), handed down after this appeal was briefed. Section 924(j)(1) provides for punishment of death, a term of years, or life for murder (as defined in 18 U.S.C. § 1111) "in the course of a violation of subsection (c)." Thus, a life sentence was permissible on each of Charley's three convictions for murder in the course of a § 924(c) violation. Section 924(c)(1)(D)(ii) provides that, "[n]otwithstanding any other provision of law . . . no term of imprisonment imposed on a person under [§ 924(c)] shall run concurrently with any other term of imprisonment imposed on that person. . . ." In *United States v. Beltran-Moreno*, 556 F.3d 913, 915 (9th Cir. 2009), we held that § 924(c)(1)(D)(ii) means that "each independent § 924(c) count in the indictment imposes a *consecutive* sentence in addition to any other sentence imposed, either under § 924(c) or under any other counts for which the defendant has been convicted." (emphasis in the original). In *Abbott*, the Supreme Court held that "a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." 131 S. Ct. at 23. Thus, Charley's life sentences on her three § 924(c) convictions had to be consecutive to

4

each other and to her sentence on her § 1111 convictions. The district court did not improperly "stack" the life sentences for Charley's three § 924(c) convictions, because Charley was not convicted of violating § 924(c) once in three different ways, but of violating § 924(c) three times. *See id.* (explaining that the "except" clause of § 924(c) means that the defendant is subject to one mandatory minimum if he possessed, brandished, and discharged a gun, not to "stacked" sentences for that violation of § 924(c)); *see also id*. at 30.

3.     Charley also contends that the district court erred by considering 18 U.S.C. § 3559(f) because that statute was not enacted at the time that she committed the charged offenses. Section 3559(f), which provides for mandatory minimum terms of imprisonment for violent crimes against children, including murder, was not effective until July 27, 2006, well after Charley committed the charged offenses. Even if it was error for the district court to consider that provision at Charley's sentencing, however, the error could not have had any effect on Charley's sentence, because we had already held that a conviction for first-degree murder in violation of 18 U.S.C. § 1111 mandates a minimum sentence of life imprisonment without possibility of release. *United States v. LaFleur*, 971 F.2d 200, 209 (9th Cir. 1991).

**4**.     Finally, Charley contends that the district court erred by failing to consider a downward departure based on her decreased mental capacity. This contention is also defeated by *LaFleur*. 971 F.2d at 208 ("[A] defendant convicted of first degree murder under § 1111(a) must be sentenced to life in prison."); *see also United States v. Miguel*, 338 F.3d 995, 1006 (9th Cir. 2003) (relying on *LaFleur* in rejecting contention that a district court should be allowed to depart downward to a less than life sentence on a § 1111 conviction). Also, Charley's reliance on U.S.S.G. § 5K2.13 as authority for a downward departure for diminished capacity is misplaced. Charley was subject to a statutory mandatory minimum. Under U.S.S.G. § 5G1.1(b), that mandatory minimum sentence precluded departure below the statutorily required sentence. *LaFleur*, 971 F.2d at 208; *United States v. Williams*, 939 F.2d 721, 726 (9th Cir. 1991).

AFFIRMED.